# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| QIANNA LATRICE QUARTMAN,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN SARAH COOPER,<br><br>        Respondent. | Case No. 20-CV-1008-JPS<br><br>**ORDER** |
| QIANNA LATRICE QUARTMAN,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN SARAH COOPER,<br><br>        Respondent. | Case No. 20-CV-1124-JPS<br><br>**ORDER** |
| QIANNA LATRICE QUARTMAN,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN SARAH COOPER,<br><br>        Respondent. | Case No. 20-CV-1391-JPS<br><br>**ORDER** |
| QIANNA LATRICE QUARTMAN,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN SARAH COOPER,<br><br>        Respondent. | Case No. 20-CV-1392-JPS<br><br>**ORDER** |

| | |
|---|---|
| QIANNA LATRICE QUARTMAN,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN SARAH COOPER,<br><br>    Respondent. | Case No. 20-CV-1393-JPS<br><br>**ORDER** |
| QIANNA LATRICE QUARTMAN,<br><br>    Plaintiff,<br><br>v.<br><br>SARAH COOPER and DEPARTMENT OF CORRECTIONS,<br><br>    Defendants. | Case No. 20-CV-1435-JPS<br><br>**ORDER** |
| QIANNA LATRICE QUARTMAN,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS and CPT. STEVEN BRICK,<br><br>    Defendants. | Case No. 20-CV-1451-JPS<br><br>**ORDER** |
| QIANNA LATRICE QUARTMAN,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS DIVISION OF HEARINGS AND APPEALS and BRIAN HAYES,<br><br>    Defendants. | Case No. 20-CV-1476-JPS<br><br>**ORDER** |

Ms. Qianna Latrice Quartman ("Quartman"), an inmate at Robert E. Ellsworth Correctional Center, has filed numerous civil cases in this district within the last three months, all of which are separately captioned above and remain pending before this branch of the court.

Specifically, in July, Quartman filed two Habeas cases, 20-CV-1008 on July 6, 2020, and 20-CV-1124 on July 23, 2020. On September 8, 2020, Quartman filed three additional Habeas cases, 20-CV-1391, 20-CV-1392, and 20-CV-1393. A few days later, Quartman began filing § 1983 cases; 20-CV-1435 on September 14, 2020, 20-CV-1451 on September 16, 2020, and 20-CV-1476 on September 21, 2020. If that were not enough, in a September 21, 2020 filing Quartman stated, "I am commencing over 20 federal law suits [sic] within 60 days from the date of this complaint." (20-CV-1476, Docket #2 at 4).

To be sure, the right of access to federal courts is not absolute. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). A federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A

filing restriction must, however, be narrowly tailored to the type of abuse, and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 Fed. App'x 500, 502 (7th Cir. 2009) (citations omitted). "Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices," but have "rejected as overbroad filing bars in perpetuity." *Id.* (citations omitted); *Smith v. United States Cong.*, No. 19-CV-1001-PP, 2019 WL 6037487, at *9 (E.D. Wis. Nov. 14, 2019).

Against the backdrop of the foregoing analysis, the Court is obliged to impose a pre-filing injunction barring Quartman from filing any new civil cases in this district effective with the filing of this order. The pre-filing injunction is narrowly tailored and will not bar Quartman's access to the court indefinitely. Specifically, Quartman will be barred from filing any new civil cases until such time as the number of her pending cases has been reduced to two or less.

Accordingly,

**IT IS ORDERED** that Plaintiff Qianna Latrice Quartman is barred from filing any new civil cases in this district until such time as the number of her pending cases has been reduced to two or less; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall return any new case filings received directly from, or on behalf of, Qianna Latrice Quartman, back to her marked "Not Filed," together with a copy of this Order.

Dated at Milwaukee, Wisconsin, this 24th day of September, 2020.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Page 4 of 4
Case 2:20-cv-01008-JPS   Filed 09/24/20   Page 4 of 4   Document 6