# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| QIANNA LATRICE QUARTMAN,<br><br>       Petitioner,<br><br>v.<br><br>SARAH COOPER,<br><br>       Respondent. | Case No. 20-CV-1008-JPS<br><br>**ORDER** |

  Now before the Court is Qianna Latrice Quartman's ("Quartman") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket #1). As an initial matter, the Court must screen Quartman's petition under Rule 4 of the Rules Governing Section 2254 Proceedings, which requires the Court to examine the petition and dismiss it if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.[1]

  Although the bulk of Quartman's petition is incoherent, the Court gleans that Quartman is challenging the revocation of her extended supervision. (Docket #1 at 2). According to Quartman's petition, on April 29, 2019, an administrative law judge with the Wisconsin Division of Hearings and Appeals revoked Quartman's extended supervision. (*Id.* at 3). Since that time, Quartman has been incarcerated at Robert E. Ellsworth

---

[1] Rule 1(b) of those Rules and Civil Local Rule 9(a)(2) provide the Court with the requisite authority to apply the rules to other habeas corpus cases, including the rule permitting screening of the petition.

Correctional Center. (*Id.* at 1, 3).² Quartman asserts multiple grounds for relief, the first being false arrest, imprisonment, detention, revocation, and incarceration, which stem from errors and missing documents in her case files. According to Quartman, these documents suggest that she was arrested and detained, although the state had failed to issue the necessary orders, warrants, and other paperwork. (*Id.* at 10). Quartman also alleges several ineffective assistance of counsel claims, based upon the following:

(1) counsel recording his "video visit" with Quartman;

(2) counsel's failure to ensure Quartman's accusers and witnesses were at her hearing and failure to allow Quartman to present documentary evidence;

(3) counsel's failure to provide Quartman with a completed revocation packet/providing her with a revocation packet containing fraudulent and incomplete documents;

(4) counsel's failure to give Quartman the right to present an "Alternative to Revocation" at the final revocation hearing; and

(5) counsel's negligence in having Quartman, who was suffering from post-partum depression, under the influence of oxycodone, and allegedly incompetent, attend her revocation hearing.

(*See id.* at 10–14). Further, Quartman claims that the ALJ was biased against her and that her substantive due process rights were violated. (*Id.* at 14).

First, the Court notes that, based on Quartman's petition, relief under § 2241 is unavailable to her. Individuals who are held in state custody for any reason other than a conviction may challenge their incarceration under § 2241. *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (noting

---

²Quartman avers that, as of April 29, 2019, her sentence was revoked for a total of two years and six months. (Docket #1 at 3). Thus, Quartman will likely be in custody until late-October 2021. However, because Quartman has not provided any additional information, such as the case information regarding the original state sentence for which she was revoked, the Court is unable to confirm whether she is still in custody for the revocation.

that a habeas petition may be brought pursuant to § 2241 by petitioners held for "some other reason, such as pre-conviction custody") (citing *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)).

In her petition, Quartman notes that an administrative law judge revoked her extended supervision, and, thus, she was sentenced to two years and six months in state custody. Quartman is no longer being held in pre-conviction custody and, therefore, is no longer subject to potential relief under § 2241. *See Jackson v. Clements*, 796 F.3d 841, 842–43 (7th Cir. 2015) ("[The petitioner] was no longer a pre-trial detainee when the district court ruled on the merits of his petition, and, thus, relief under § 2241 was no longer available to him . . . . Once [the petitioner] was convicted, the claims concerning his pre-trial confinement became moot.").

Due to the posture of Quartman's case, she could have filed a habeas petition pursuant to 28 U.S.C. § 2254. (*See, e.g.*, *Trepania v. Manning*, 21-cv-39-jdp, 2021 WL 1946397 (W.D. Wis. Apr. 27, 2021) (addressing § 2254 petition of petitioner who was revoked on extended supervision)). However, even if the Court construed Quartman's petition as one pursuant to § 2254, it would not pass the screening stage, because it appears that Quartman has failed to exhaust appropriate state court remedies available to her.

A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts her claim when she presents it to the highest state court

for a ruling on the merits. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on its review of Quartman's petition, the Court determines that she has not exhausted her remedies. In fact, Quartman's petition is void of any indication that she has appealed her revocation of extended supervision. (*See* Docket #1 at 5–9). Because Quartman may still have administrative remedies available to her in state court, the Court will dismiss her petition without prejudice.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Quartman must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citation omitted). No reasonable jurists could debate whether this Court's procedural ruling is correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Quartman's petition.

Finally, in light of the above order, the Court will deny, as moot, Quartman's motion for order for issuance of writ and release. (Docket #8).

Accordingly,

**IT IS ORDERED** that Quartman's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Quartman's motion for order for issuance of writ and release (Docket #8) be and the same is hereby **DENIED as moot.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 2nd day of August, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge